UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60503-CIV-MOORE
MAGISTRATE JUDGE P. A. WHITE

THOMAS E. TUER,                        :

      Plaintiff,                      :         REPORT OF
                                 MAGISTRATE JUDGE
v.                                     :

RICHARD HILL,                          :

      Defendant.                      :
_____

I.  Introduction

The plaintiff Thomas E. Tuer, currently incarcerated in the Broward County Main Jail filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983, naming as defendant Richard Hill, the Apartment Manager of the Wilkirk Apartments. Tuer seeks reimbursement for the loss of his property. [DE# 1]. The plaintiff is proceeding in forma pauperis.

II.  Analysis

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis. As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

*   *   *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

the court shall dismiss the case at any time
if the court determines that –

\*    \*    \*

(B) the action or appeal –

\*    \*    \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which
relief may be granted; or

(iii) seeks monetary relief from a
defendant who is immune from such
relief.

A complaint is "frivolous under section 1915(e)"where it
lacks an arguable basis either in law or in fact." Neitzke v.
Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346,
1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on
this ground should only be ordered when the legal theories are
"indisputably meritless," id., 490 U.S. at 327, or when the claims
rely on factual allegations that are "clearly baseless." Denton v.
Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state
a claim are governed by the same standard as Federal Rule of Civil
Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11
Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the
language of Federal Rule of Civil Procedure 12(b)(6)"). In order
to state a claim, a plaintiff must show that conduct under color of
state law, complained of in the civil rights suit, violated the
plaintiff's rights, privileges, or immunities under the

Constitution or laws of the United States.   Arrington v. Cobb
County, 139 F.3d 865, 872 (11 Cir. 1998).

　　　Pro se complaints are held to "less stringent standards than
formal pleadings drafted by lawyers and can only be dismissed for
failure to state a claim if it appears 'beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106
(1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).
The allegations of the complaint are taken as true and are
construed in the light most favorable to Plaintiff.   Davis v.
Monroe County Bd. Of Educ. , 120 F.3d 1390, 1393 (11 Cir. 1997).
The complaint may be dismissed if the plaintiff does not plead
facts that do not state a claim to relief that is plausible on its
face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955
(2007)(retiring the oft-criticized "no set of facts" language
previously used to describe the motion to dismiss standard and
determining that because plaintiffs had "not nudged their claims
across the line from conceivable to plausible, their complaint must
be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d
1289 (11 Cir. 2007).   While a complaint attacked for failure to
state a claim upon which relief can be granted does not need
detailed factual allegations, a plaintiff's obligation to provide
the grounds of his entitlement to relief "requires more than labels
and conclusions, and a formulaic recitation of the elements of a
cause of action will not do." Twombly, 127 S.Ct. at 1964-65.   The
rules of pleading do "not require heightened fact pleading of
specifics . . . ." The Court's inquiry at this stage focuses on
whether the challenged pleadings "give the defendant fair notice of
what the . . . claim is and the grounds upon which it rests."
Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly,
127 S.Ct. at 1964).

In the Complaint, the plaintiff states that he was arrested and removed from his apartment in the Wilkirk Apartments located in Hollywood, Florida. He was unsuccessful in retriving his belongings when he returned to the apartment with the police. Tuer was then returned to jail, and his sister attempted to retrieve his belongings from the apartment the next day. She was told by the Manager, Richard Hill, that he had thrown all the belongings into the dumpster. Tuer states that everything he owned was thrown out including his clothes, a lap top computer and important documents and birth certificates belonging to his Cuban family. Tuer seeks reimbursement for his valuables.

The plaintiff's claim against the Apartment Manager is not cognizable in this action.  42 U.S.C. §1983 affords redress only for conduct committed by a person acting under color of federal or state law.  <u>Polk County v Dodson</u>, 454 U.S. 312 (1981),<u>Whitehorn v Harrelson</u>, 758 F.2d 1416, 1419 (11 Cir. 1985).  Clearly the Manager does not act under color of state law.

This does not justify the Manager's actions and the plaintiff may have a claim against him for restitution in the state courts.

III.  <u>Conclusion</u>

Based on the foregoing, it is recommended that the Complaint [DE# 1] be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 15th day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Thomas E. Tuer, Pro Se
      Broward County main Jail
      Address of Record

5